NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0426n.06

No. 12-3733

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Apr 29, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CARLOS UMBERTO SANCHEZ-CRUZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: BATCHELDER, Chief Judge; GUY and BOGGS, Circuit Judges.

PER CURIAM. Carlos Umberto Sanchez-Cruz petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Sanchez-Cruz is a native and citizen of Honduras. He claims to have entered the United States on May 4, 2004. In July 2008, Sanchez-Cruz filed an application for asylum, withholding of removal, and relief under the CAT, alleging that, if returned to Honduras, he will be persecuted or tortured by his father, gangs, or enemies that his father made while trafficking drugs. The IJ denied the asylum application as untimely and the remaining claims on the merits. The BIA affirmed the IJ's decision.

On appeal, Sanchez-Cruz argues that the IJ and BIA erred by denying his application for withholding of removal and relief under the CAT because he established that he would be persecuted

or tortured if removed to Honduras. Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We review legal conclusions de novo and factual findings for substantial evidence. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial evidence standard, we will uphold administrative findings of fact unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Bi Xia Qu v. Holder*, 618 F.3d 602, 605-06 (6th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(B)).

To qualify for withholding of removal, an applicant must demonstrate that it is more likely than not that, if returned to the country of removal, his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. *Vincent v. Holder*, 632 F.3d 351, 354 (6th Cir. 2011). If an applicant demonstrates that he has suffered past persecution in the country of removal on account of a protected ground, we employ a rebuttable presumption that the applicant's life or freedom would be threatened in the future. *Id.* at 354-55. The government may rebut the presumption by showing by a preponderance of the evidence either that there has been a fundamental change in circumstances such that the applicant's life or freedom would not be threatened or that the applicant could reasonably relocate to another part of the country of removal to avoid a future threat. 8 C.F.R. § 1208.16(b)(1)(i)(A)-(B); *Vincent*, 632 F.3d at 355.

Substantial evidence supported the BIA's conclusion that Sanchez-Cruz did not qualify for withholding of removal on the basis that he feared persecution by his father. Even if we were to

assume that Sanchez-Cruz's family constitutes a cognizable social group and that he established past persecution, we would find that the government rebutted the presumption of future persecution by showing that Sanchez-Cruz could reasonably relocate to another part of Honduras to avoid any future threat from his father. The evidence presented to the IJ established that Sanchez-Cruz was not harmed by his father during the three years he spent living in Honduras outside the family home, and there was no evidence that his father had harmed any of his siblings who were living in Honduras outside the family home.

Substantial evidence also supported the BIA's conclusion that Sanchez-Cruz did not qualify for withholding of removal on the basis that he feared persecution either from gangs or from enemies that his father made while trafficking drugs. There was no evidence in the record suggesting that gangs had targeted Sanchez-Cruz, or that they would target him, either because of his refusal to join or on the basis of a protected ground. *See Roblero-Berduo v. Holder*, 439 F. App'x 532, 537 (6th Cir. 2011). In addition, the evidence established that Sanchez-Cruz's father stopped trafficking drugs in 2003, and, aside from one incident of violence against Sanchez-Cruz's brother in which a man asked him if he was the "son of Armando," there was no evidence demonstrating that Sanchez-Cruz was likely to be targeted by his father's enemies.

Finally, the BIA's denial of relief under the CAT was supported by substantial evidence because Sanchez-Cruz failed to present evidence demonstrating that it is more likely than not that he would be tortured if removed to Honduras. *See Bi Xia Qu*, 618 F.3d at 610.

Accordingly, we deny the petition for review.